# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15-cr-00240-RK |
| TERREALL MCDANIEL, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). (Doc. 154.) The motion is fully briefed. (Docs. 162, 163.) After careful consideration and for the reasons explained below, the motion is **DENIED**.

## Background

Defendant was convicted following a bench trial of six counts:

- Two counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851 [Counts One and Four];

- One count of possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Count Two];

- Two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) [Counts Three and Six]; and

- One count of possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(C)(i) [Count Five].

(*See* Docs. 99, 110.) On March 1, 2018, the Court sentenced Defendant to a total of 622 months' imprisonment, as follows: 260 months' imprisonment for Counts One, Three, Four, and Six; a consecutive 60-month term of imprisonment for Count Two; and a consecutive 300-month term for Count Five. (Doc. 110.) The Eighth Circuit upheld Defendant's convictions and sentence on direct appeal. *United States v. McDaniel*, 925 F.3d 381 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 1272 (2020).

**Discussion**

Defendant argues he is entitled to compassionate release pursuant to § 3582(c)(1), asserting as an "extraordinary and compelling" reason the substantial changes to § 924(c)(1)(C) through the First Step Act of 2018[1] both on its and in conjunction with the lengthy sentence the Court imposed after trial, Executive Order 14074 issued by the President of the United States on May 25, 2022, and in light of the Supreme Court's decision in *Concepcion v. United States*, __ U.S. __, 142 S. Ct. 2389 (2022) (holding district courts may consider intervening changes of law and fact asserted in support of a motion to reduce sentence under section 404(b) of the First Step Act of 2018).

In *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022), the Eighth Circuit held that "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *Id.* at 586. Congress has not made the changes to § 924(c) retroactive. *See id.* Therefore, as the Government argues, *Crandall* forecloses Defendant's argument for compassionate release here inasmuch as the First Step Act's changes to § 924(c) sentencing scheme do not establish extraordinary and compelling reasons – whether individually or in any combination with other factors or considerations – for compassionate release. *See United States v. Taylor*, 28 F.4th 929, 930 (8th Cir. 2022) (applying *Crandall* to affirm district court's denial of compassionate release).

In response, Defendant argues that *Crandall* is not controlling in light of the Supreme Court's subsequent opinion in *Concepcion*. In *Concepcion*, the Supreme Court analyzed section 404 of the First Step Act[2] (authorizing the reduction of prison sentences for "defendants convicted of certain offenses involving crack cocaine" for conduct that occurred prior to August 3, 2010) and whether "intervening changes of law . . . or changes of fact" may be considered in adjudicating a motion for reduction in sentence under section 404 of the First Step Act. 142 S. Ct. at 2396. The Supreme Court held that because nothing in the First Step Act limited or constrained district courts from otherwise considering intervening changes of law or fact in resentencing a defendant under section 404(b) of the Act, district courts must consider such intervening changes when raised by the parties. *Id.* *Concepcion* did not, however, involve a motion for compassionate release under

---

[1] Pub. L. 115-391, § 403, 132 Stat. 5194, 5221-22 (2018).
[2] Pub. L. 115-391, 132 Stat. 5194, 5222.

§ 3582(c)(1)(A) and what circumstances constitute extraordinary and compelling circumstances, a statutory requirement to be entitled to compassionate release.

Accordingly, the Court remains bound by the Eighth Circuit's precedential opinion in *Crandall*. And under *Crandall*, a non-retroactive change in the law – by itself or in combination with other factors – does not constitute an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A). Therefore, the First Step Act's non-retroactive change to § 924(c)(1)(C)'s sentencing scheme as relevant to Defendant in this case does not provide an extraordinary and compelling reason for compassionate release. Defendant does not otherwise provide a sufficient extraordinary and compelling reason for compassionate release. Even if Defendant did establish extraordinary and compelling reasons for compassionate release, the Court does not find the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of granting compassionate release. *See* § 3582(c)(1)(A) (requiring district courts to consider the sentencing factors set out in § 3553(a) in deciding whether to grant compassionate release). In particular, the Court considers the need for the sentence imposed to promote respect for the law and to deter future criminal conduct, to protect the public from future crimes of Defendant, and finally, Defendant's prior criminal history and the circumstances of the instant offense.

## Conclusion

Accordingly, after complete review of the motion on the merits, Defendant's motion for compassionate release (Doc. 154) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 19, 2023